# Yeager *v.* Jeannette Land Company, Appellant.

*Deed—Covenants—"Under and subject" to mortgage.*

Where an owner of land conveys it under and subject to a mortgage which he had himself created, and subsequently the grantee conveys the land to another, and thereafter the land is sold in foreclosure proceedings upon the bond and mortgage for a sum insufficient to pay the mortgage debt, the grantor may recover from his grantee the balance of the debt which he himself was compelled to pay.

Argued May 2, 1918. Appeal, No. 117, April T., 1918, by defendant, from order of C. P. Allegheny Co., Jan. T., 1918, No. 1602, refusal on appeal from judgment of the County Court in case of Jacob Yeager v. Jeannette Land Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Petition for appeal from judgment of the County Court.

*Error assigned* was order refusing the appeal.

. *Joseph B. Weddell,* for appellant.

*Carl D. Smith,* for appellee.

OPINION BY PORTER, J., October 12, 1918:

The County Court of Allegheny County entered judgment for want of a sufficient affidavit of defense and the Court of Common Pleas refused to allow an appeal. The defendant appeals from that order.

The plaintiff being the owner of certain real estate in the City of Pittsburgh borrowed the sum of $4,000 from Margaret M. Woods, the loan being secured by his personal bond and a mortgage upon the real estate. He subsequently sold the land to the defendant, the deed containing the following covenant: "It being understood that the within conveyance is made under and subject to a certain mortgage in the sum of four thousand dollars." The defendant subsequently conveyed the land to another, who made default in payment of the mortgage and the land was sold under proceedings upon the bond accompanying the mortgage, for a sum insufficient to pay the mortgage debt. The plaintiff was compelled to pay the unpaid balance of the debt and brought this action to recover of the defendant the amount which he had thus been compelled to pay. The question presented by this appeal is precisely similar to that considered in Greenspan v. Margolis, in which an opinion has this day been filed, and for the reasons therein stated the specification of error is dismissed.

The judgment is affirmed.